UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOSHUA JAMES HILL,

                    Plaintiff,

v.

BLAINE COUNTY DISTRICT COURT;
ESTATE OF MICHAEL F. LLOYD,

                    Defendants.

Case No. 1:25-cv-00364-DCN

**INITIAL REVIEW ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Joshua James Hill's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Hill's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Hill's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2). For the reasons explained below, the Court GRANTS Hill's application to proceed in forma pauperis and DISMISSES the case WITHOUT PREJUDICE.

## II. BACKGROUND

Hill alleges the Blaine County District Court violated his Sixth Amendment rights when it improperly denied him a fee waiver and prevented him from admitting evidence during probate proceedings. *See* Dkt. 2, at 4. Hill seeks to proceed in forma pauperis—that is, without prepaying court costs and fees—because although he receives $1,300 per month in gifts, his expenses are also $1,300 a month. Dkt. 1. Although Hill expects to become rich, he does not state the basis for that expectation. *Id.*

## III. LEGAL STANDARD

### A. Application for Leave to Proceed in Forma Pauperis

By federal law, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in

forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A. Application to Proceed in Forma Pauperis

Hill's application to proceed in forma pauperis does not conclusively establish his indigence. In addition to $142 in his bank account, Hill claims an income of $1,300 per month in gifts and $1,300 per month in expenses. Dkt. 1. Hill's address is a homeless

MEMORANDUM DECISION AND ORDER - 3

shelter in Boise, Idaho. Dkt. 2, at 1. It is likely that on a net zero monthly income, payment of the filing fee would deprive Hill of the basic necessities of life. *See Adkins*, 335 U.S. at 339. However, without knowing the nature of Hill's expenses, the Court cannot determine how much of Hill's $1,300/mo. expenses are allocated to basic necessities. Accordingly, the Court CONDITIONALLY GRANTS Hill's application and ORDERS Hill to file a supplemental affidavit categorizing Hill's monthly expenses and disclosing how much he spends per month on each.

### B.    Sufficiency of Complaint

Hill relies on the Sixth Amendment of the U.S. Constitution for his cause of action and as the basis for federal jurisdiction. *Id*. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend VI.

Hill's Complaint alleges the Blaine County District Court violated the Sixth Amendment by denying his application for a fee waiver and barring him from presenting evidence in the probate of Michael F. Lloyd's estate.

The Court finds that Hill's Complaint fails to state a claim upon which relief can be granted. The Sixth Amendment only applies in criminal cases. U.S. Const. amend. VI. Moreover, Hill seems to ask the Court to review state proceedings. Under the *Rooker-*

*Feldman* doctrine, federal courts have no authority to review the proceedings of state courts in an appellate capacity. *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005). Finally, the Estate of Michael F. Lloyd is a private entity, and private entities cannot violate another's constitutional rights except under limited circumstances—none of which apply here. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991) ("The Constitution's protections of individual liberty and equal protection apply in general only to action by the government.")

The Court finds that the Complaint does not state a claim. Accordingly, the Court DISMISSES this action. However, federal courts should grant leave to amend if there are any possible facts which could save the complaint. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Although the Court is skeptical that such facts exist here, it will err on the side of caution and GRANT leave to amend.

## V. CONCLUSION

Hill's application to proceed in forma pauperis suggests he is indigent, although the Court will need more information before it makes a final decision. In the meantime, the Court finds that Hill's Complaint fails to state a claim and DISMISSES the Complaint WITHOUT PREJUDICE.

## VI. ORDER

1. Hill's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is CONDITIONALLY GRANTED.

2. Hill is ORDERED to file a supplemental affidavit detailing the categories of his monthly expenses and how much he spends on each category per month.

3. Hill's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE.

4. Hill is GRANTED leave to amend. Any amended complaint must be filed within 30 days of the entry of this order. Should Hill fail to amend his complaint, the Court may dismiss his case with prejudice and without further notice.

DATED: March 13, 2026

David C. Nye
U.S. District Court Judge